THE ITEM COMPANY, LTD., v. WORM-
INGTON MACHINERY POWER &
EQUIPMENT CO., INC.

_____

(June 21, 1926, Opinion and Decree)

_____

(*Syllabus by the Court.*)

1. **Louisiana Digest—Evidence—Par. 262.**

Evidence tending to establish a contempo-
raneous verbal agreement is inadmissi-
ble to vary or contradict the terms of
a written contract.

Appeal from the First City Court of
New Orleans, Hon. Val J. Stentz, Judge.

Action by The Item Company, Ltd.,
against Wormington Machinery Power &
Equipment Company, Inc. There was judg-
ment for plaintiff as prayed for and de-
fendant appealed.

Judgment affirmed.

Blouin and Deutsch, of New Orleans,
attorneys for plaintiff, appellee.

H. M. Ansley, of New Orleans, attorney
for defendant, appellant.

WESTERFIELD, J.    Plaintiff sues on a
written advertising contract, alleging per-
formance, and claiming the consideration
mentioned or $182.00.

Defendant admits the contract, and, finds
no fault with the execution of it by plain-
tiff, but says that by a subsequent verbal
agreement certain "write ups" were to be
given defendant's business in addition to
the advertising.

There was judgment for plaintiff as
prayed for and defendant has appealed.

There is absolutely no evidence of a sub-
sequent oral agreement relative to "write
ups". The testimony on this point prop-
erly admitted over plaintiff's objection on
the ground that a subsequent oral agree-
ment changing or modifying a written
agreement may be proven notwithstanding
its effect upon the written contract, all
tended to establish a previous or contempo-
raneous understanding, which, of course,
under the parol evidence rule is inadmis-
sible, if its effect be to vary or contradict
the terms of a written instrument. The
contract sued on, admittedly, contains no
reference to "write ups", whatever that
may mean, and, moreover, contains the
words "No condition not written in this
contract will be recognized". Under the
circumstances, the judgment appealed from
must be affirmed.